# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. |
| AMERICA'S POWERSPORTS, INC. ) ) | |
| Defendant. ) | |

## COMPLAINT

Comes the Plaintiff Universal Underwriters Insurance Company and respectfully submits the following Complaint.

1. The Plaintiff Universal Underwriters Insurance Company (hereinafter referred to as "Universal Underwriters") is a Kansas corporation with its principal place of business located at 7045 College Boulevard, Overland Park, Kansas 66211. Universal is authorized to transact business and has transacted business in Tennessee.

2. The Defendant America's Powersports, Inc., is a Delaware corporation with its principal place of business at 155 Franklin Road, Suite 310, Brentwood, Tennessee 37027 and may be served at C T Corporation System, 800 Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## ALLEGATIONS OF FACTS

4. The Plaintiff Universal Underwriters is an insurance company that in part specializes in a variety of insurance products for larger commercial customers.

5. The Plaintiff Universal Underwriters began doing business with the Defendant America's Powersports, Inc. prior to 2003. However, in 2003 Universal Underwriters began doing business with the Defendant America's Powersports, Inc. on a "loss sensitive" basis until the spring of 2007.

6. The Defendant America's Powersports, Inc. is a holding company which owns numerous motorcycle dealerships in the states of California, Texas and Alabama. The Defendant America's Powersports, Inc. has its national corporate headquarters located in Brentwood, Tennessee, employing numerous employees performing accounting, computer consulting, financial consulting, assistance for motorcycle dealerships and other activities.

7. The Plaintiff Universal Underwriters wrote insurance policies for the Defendant America's Powersports, Inc. including Workers' Compensation policies and UNICOVER policies. The UNICOVER policies included Property, Business Income, Crime, Garage & General Liability, Umbrella Liability and Pollution. The insurance coverage written for the Defendant America's Powersports, Inc. had an excess deductible of $150,000.00 which applied when any single loss was in excess of the underlying policy deductibles. This excess deductible plan is formally called the Retention Aggregate plan, is governed by Endorsement #301 and is attached to a guaranteed cost account in exchange for lower up front premium costs.

8.  The Defendant America's Powersports, Inc. has insured through the Plaintiff Universal Underwriters an inventory of thousands of "autos" including motorcycles insured against the risk of loss for approximately $40,000,000.00 of inventory, which inventory is located at dealership sites in multiple states. "Auto" is defined in the Universal Underwriters Insurance Policy (hereinafter "Unicover Policy") issued to America's Powersports, Inc. as follows:

**AUTO INVENTORY**
**UNICOVER COVERAGE PART 300**

. . .

**DEFINITIONS** – When used in this Coverage Part:

"AUTO" means any type of land motor vehicle, (whether crated or not), trailer or semi-trailer, farm tractor or implement, each including its equipment and other equipment permanently attached to it.

Unicover Policy, p. 9

**COUNT I**
**FAILURE TO PAY**

9.  The Plaintiff Universal Underwriters incorporates herein by reference all of the allegations of Paragraph 1 through and including Paragraph 8 of the Complaint as if fully set forth.

10. From 2003 to 2007 the Defendant America's Powersports, Inc. has made numerous acquisitions of motorcycle dealerships throughout the country. At the time of each acquisition, the Defendant America's Powersports, Inc. contacted the Plaintiff Universal Underwriters and requested that the new motorcycle dealership and all of its inventory, employees and other risks be immediately added to the insurance policies subject to eventual verification and audit as provided by the Unicover Policy. A copy of the insurance policy has

not yet been filed with the Court, pending consultation with opposing counsel regarding proprietary information.

11. As a result of the need of the Defendant America's Powersports, Inc. to immediately place insurance coverage during acquisition closings, the Plaintiff Universal Underwriters agreed to bind and add coverages to the insurance policy subject to subsequently being provided with the actual exposure base information (including inventory, number of employees and property values) in order to determine the proper additional premium charges. The Defendant America's Powersports, Inc. asked the Plaintiff to bind and add coverage on this basis on multiple occasions during the business relationship.

12. The exposure bases which were originally estimates provided by the Defendant were inaccurate but were later accurately determined by the contractual audit provided for in the Unicover policy by the independent audit firms. Despite the fact that Universal Underwriters did in fact write insurance coverage for the risks requested by the Defendant America's Powersports, Inc, the Defendant America's Powersports, Inc. has failed and refused to abide by the insurance contract by failing to pay the 2005 Audit Premium and the Defendant America's Powersports, Inc. is in breach of the insurance contract.

13. The insurance contract between Universal Underwriters and the Defendant America's Powersports, Inc. provides the following with respect to the audit of the Defendant America's Powersports, Inc.:

> **INSPECTION AND AUDIT** – WE have the right, but not the duty, to inspect the insured property or operations at any time. OUR inspections are not safety inspections. They relate only to insurability and the premiums to be charged.

4

> WE may give YOU reports on the conditions WE find and recommend changes. While they may help reduce losses, WE do not undertake to perform the duty of any person to provide for the health or safety of YOUR employees or the public. WE do not warrant the property or operation is healthful or safe, or that they conform to any rule, regulation, standard, code or law.
>
> Any rate organization and any organization WE hire to make insurance inspections, surveys, reports or recommendations are subject to this provision.
>
> YOU must keep accurate records and send them to US promptly upon request. WE have the right to examine and audit YOUR books and records at any time, up to three years after this policy ends.
>
> YOU must allow US to perform any inspection or audit.
>
> Unicover Policy, General Conditions, p. 5

14. For policy year 2005, the contractual audit performed by the independent audit firms resulted in an additional premium billing to the Defendant America's Powersports, Inc. of $284,075.00 on or about February 22, 2007. Despite demand, Defendant America's Powersports, Inc. has failed and refused to pay the $284,075.00 which is past due and owing.

15. For calendar year 2004, the unreimbursed loss amounted to $632.00 and was billed to the Defendant America's Powersports, Inc. on February 28, 2007. However, the Defendant America's Powersports, Inc. has failed and refused to pay this $632.00. The Defendant America's Powersports, Inc. has also failed and refused to pay the outstanding unreimbursed loss in the amount $8,869.00 for calendar year 2006, which was invoiced to the Defendant America's Powersports, Inc. on or about February 28, 2007 but remains unpaid and owing. In fact, for calendar year 2006, the Plaintiff Universal Underwriters determined that the Defendant America's Powersports, Inc. was entitled to a credit of $2,380.00 for 2006 and

5

this credit billing was forwarded to Defendant America's Powersports, Inc. on or about March 31, 2007.

16. The "Unicover Policy" also contains the following provision regarding expenses and attorney fees which the Plaintiff Universal Underwriters is entitled to recover from the Defendant America's Powersports, Inc.:

> **PREMIUM COLLECTION** – YOU must pay OUR expenses, including attorney fees, spent to collect premium from YOU.

> Unicover Policy, General Conditions, p. 5

17. Likewise, the Workers Compensation portion of the policy provides the following language with respect to an accounting of the Workers Compensation loss:

### PART FIVE – PREMIUM

> **F.** **Records**
> You will keep records of information needed to compute premium. You will provide us with copies of those records when we ask for them.
>
> **G.** **Audit**
> You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audits during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium. Insurance rate service organizations have the same rights we have under this provision.

> Workers Compensation Policy, p. 6

18. A License & Permit Bond was issued on October 17, 2006 with a 100% premium due in the amount of $2,000.00. This bond was later cancelled on February 15, 2007 as a result of the account not renewing with the Plaintiff Universal Underwriters. The

6

premium for this bond that ran from October 17, 2006 thru February 15, 2007 remains past due, outstanding and owing.

19. The Defendant America's Powersports, Inc. has failed and refused to pay several Workers Compensation Loss billings despite demand and therefore the Defendant America's Powersports, Inc. is in breach of the Workers Compensation policy.

20. Despite billing and acknowledgment by the Defendant America's Powersports, Inc., the Defendant America's Powersports, Inc. has failed and refused to pay the 2005 Audit Premium billing in the amount of $284,075.00, the net loss billings for Unicover and Workers Compensation in the amount of $22,578.00 and the unpaid bond premium in the amount of $2,000.00 for a total of $308,653.00 which remains past due and owing. A copy of a summary statement in the amount of $308,653.00 is attached hereto as Exhibit B.

## COUNT II
## REFUSAL TO ALLOW AUDIT AND REQUEST
## FOR AN ORDER COMPELLING AUDIT

21. The Plaintiff Universal Underwriters incorporates herein by reference all of the allegations of Paragraph 1 through and including Paragraph 20 of the Complaint as if fully set forth.

22. As previously alleged in paragraph 13 of this Complaint, the Unicover contract of insurance, the Defendant America's Powersports, Inc. agreed to allow the Plaintiff Universal Underwriters to conduct audits.

23. The Defendant America's Powersports, Inc. has allowed audits of six (6) locations to be conducted for calendar year 2006, but has failed and refused to allow auditors to continue with their audits of the thirteen (13) remaining locations of the Defendant America's Powersports, Inc. This refusal to allow the audits is a breach of the Unicover contract of insurance.

24. The Plaintiff Universal Underwriters is entitled to an Order and Judgment compelling the completion of the audits.

## COUNT III
## LETTERS OF CREDIT

25. The Plaintiff Universal Underwriters incorporates herein by reference all of the allegations of Paragraph 1 through and including Paragraph 24 of the Complaint as if fully set forth.

26. The Defendant America's Powersports, Inc. has posted letters of credit to insure payment of the insurance premiums due to the Plaintiff Universal Underwriters. As the result of the failure to pay the amounts owed of not less than $308,653.00 plus the 2006 audit amount, the Plaintiff Universal Underwriters is entitled to call the letters of credit at any time.

WHEREFORE, premises considered, the Plaintiff, Universal Underwriters, prays for the following relief:

1. That the Court enter a Final Judgment against the Defendant America's Powersports, Inc. in the amount of $308,653.00 plus the amount of the 2006 audit.

2. That the Court declare that the Defendant America's Powersports, Inc. is in breach of the insurance contracts with the Plaintiff Universal Underwriters.

3. That the Court declare that the Plaintiff Universal Underwriters is entitled to immediately call the letters of credit which were posted by the Defendant America's Powersports, Inc.

4. That the Court enjoin the Defendant America's Powersports, Inc. from cancelling the letters of credit, pending the outcome of this litigation.

5. That the Court award the Plaintiff Universal Underwriters prejudgment interest from and after March 14, 2007 in an amount not less than 10 percent (10%) per annum.

6. That the Court award the Plaintiff Universal Underwriters its costs, expenses and attorneys fees pursuant to the contracts of insurance.

7. That the Court Order the completion of the audits of the remaining thirteen (13) sites for the 2006 audit of the Defendant America's Powersports, Inc.

8. That the Court award the Plaintiff Universal Underwriters Insurance Company such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

HOWARD, TATE, SOWELL, WILSON & BOYTE, PLLC

By: *[signature]*
William H. Tate, No. 6797
150 Second Avenue North, Suite 201
Nashville, Tennessee 37201
(615) 256-1125